**York County Area Vocational Technical School v. York County Area Vocational Technical School Service Personnel Association**

*Paul N. Yost,* for petitioner.
*Betty F. Perry,* for respondent.

MILLER, *J.*, September 14, 1982—This matter is before the court on the petition of York County Area Vocational-Technical School (hereinafter called school) to review an arbitrator's award pursuant to the grievance procedure contained in a collective bargaining agreement between the school and the York County Area Vocational-Technical School Service Personnel Association (hereinafter called Association). Also before the court is the association's motion to quash the petition as being untimely filed.

The arbitration hearing was held on December 8, 1981. On January 8, 1982, the arbitrator issued an award making certain findings and directing the School to do certain things. Copies of the award were mailed to the parties on the same day. On March 23, 1982, the school filed its petition for review of the arbitrator's award.

We conclude that the motion to quash must be granted, and it will therefore not be necessary to discuss the merits of the issues raised in the school's petition to review the arbitrator's award.

The jurisdiction of this court to hear the matter is based upon the provisions of Title 42 Pennsylvania Consolidated Statutes Annotated §933(b) (42 Pa.C.S.A. §933(b)), which provides as follows:

Except as otherwise prescribed by any general rule adopted pursuant to section 503, each court of common pleas shall have jurisdiction of petitions for review of an award of arbitrators appointed in

conformity with statute to arbitrate a dispute between a government agency, except a Commonwealth agency, and an employee of such agency. The application shall be deemed an appeal from a government agency for the purposes of section 762(4) (relating to appeals from courts of common pleas) and Chapter 55 (relating to limitation of time.)

We are satisfied that the York County Area Vocational-Technical School Committee is a "government agency" within the meaning of the Judicial Code and that it is not a "Commonwealth agency" so as to be within the class of agencies excepted from the provisions of §933(b).

It is important to note that prior to 1976 the Rules provided that a review of awards of arbitrators between public employers and employees was by petition or appeal to the Commonwealth Court within 30 days of the date of the award. That was superceded by Pa.R.C.P. 247 which provided that awards between public employers and employees (other than the Commonwealth and its employees) were reviewable in the court of common pleas by petition filed within 30 days after the award. Rule 247 was subsequently rescinded on May 24, 1979. The note to the rule states that jurisdiction is now in the court of common pleas pursuant to 42 Pa.C.S.A. §933(b).

It is important to note that §933(b) provides that ". . . The application (for review) shall be deemed an appeal from a government agency for the purposes of . . . Chapter 55 (dealing with appeals and time limitations)." The time limit for filing appeals in courts other than the three Appellate Courts of the Commonwealth of Pennsylvania is set forth at 42 Pa.C.S.A. §5571(b), which provides in pertinent part:

. . . An appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within thirty (30) days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

Under the definitions contained in §102 of the Judicial Code, a "government unit" includes a government agency, as referred to in §933(b).

42 Pa.C.S.A. §5501(a) provides in pertinent part:

An action, proceeding or appeal must be commenced within the time specified in . . . this chapter unless in the case of an action or proceeding, a different time is provided by this title or another statute.

We are satisfied that no different time is provided for the taking of an appeal under the Judicial Code or any other statute of the Commonwealth of Pennsylvania. We note that the school argues that the provisions of the Judicial Code cited above do not apply to the review of an award of an arbitrator made under the circumstances here involved. The school urges the court to adopt a six-year statute of limitations for such review.

We have found no authority interpreting and construing the various sections of the Judicial Code as they apply to appeals of arbitrator's awards arising out of the collective bargaining process. Because of the nature of collective bargaining agreements, and the frequency with which such agreements are negotiated and renegotiated, we are satisfied that the General Assembly intended the thirty-day statute of limitations to apply to the review process. The Statutory Construction Act, 1972, December 6, P.L. 1339, 290, §3, 1 Pa.C.S.A. §1922(1) provides that in ascertaining the intention of the General Assembly in the enactment of a statute it may be

presumed that the General Assembly did not intend a result that is either absurb, impossible of execution or unreasonable. While a six-year statute of limitations for the filing of a petition to review an arbitrator's award in a collective bargaining agreement may not be absurd, we are satisfied that such a period of time would be unreasonable, and we are satisfied that the Legislature did not intend an unreasonable result. We also note that the Uniform Arbitration Act of 1980, 42 Pa.C.S.A. §7301 et seq. provides a 30-day limitation on the application of a party to the court to vacate an award (§7314) and the same limitation on an application to modify or correct such an award (§1715). This is further evidence of the General Assembly's intent to place a short limitation period upon the right to file a petition to review the arbitrator's award under collective bargaining agreements.

Having concluded that the petition to review the arbitrator's award was untimely filed, we enter the following

## ORDER

And now, September 14, 1982, the motion of the York County Area Vocational-Technical School Service Personnel Association to quash the petition for review filed by the York County Area Vocational-Technical School is granted and the petition for review is quashed.